UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JASON E.T. CATO,

        Plaintiff,

    v.

CARRIE BLEAKLEY, ROBERT TUCKER,
ROBERT W. ZIMMERMAN, JIM MILLER

        Defendants.
_____

**DECISION AND ORDER**

20-CV-07087-EAW

*Pro se* plaintiff Jason E.T. Cato ("Plaintiff"), a prisoner confined at the Ontario County Jail, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff also submitted an application to proceed *in forma pauperis* and has filed a signed authorization. (Dkt. 2; Dkt. 7). Plaintiff alleges that the Head Conflict Attorney of Ontario County's Conflict Attorney's office, Carrie Bleakley ("Bleakley"), and court-appointed defense counsel Robert Tucker ("Tucker"), Jim Miller ("Miller"), and Robert Zimmerman ("Zimmerman") (collectively "Defendants") provided ineffective assistance of counsel which caused violations of his Sixth Amendment right to assistance of counsel and Fourteenth Amendment right to due process of law. (Dkt. 1). For the reasons set forth below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff files an amended complaint as directed, and Plaintiff will further be ordered to show cause why his claims should not be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

**DISCUSSION**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization (Dkt. 7) he is granted permission to proceed *in forma pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court must screen the complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the Court must accept all factual allegations as true and must draw all inferences in the Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "A court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations[.]" *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004).

To prevail on a claim under 42 U.S.C. § 1983, the plaintiff must first state a valid claim alleging that: "the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of respondeat superior is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

I. **Plaintiff's Allegations**

The 22-page handwritten complaint describes the events comprising the basis for Plaintiff's allegations of ineffective counsel against the Defendants, as well as the details of the proceedings in his state court criminal prosecution. Plaintiff brings suit against his defense attorneys and the Head Conflict Attorney of the Ontario County Conflict

Attorney's Office. In the complaint, Plaintiff alleges that all four Defendants provided ineffective assistance of counsel and "committed inadequacies in violation of Plaintiff's rights to effective and meaningful representation", which caused him to be "illegally" sentenced. (Dkt. 1 at 2).

Specifically, Plaintiff brings suit alleging ineffective assistance of counsel against Bleakley, for assigning Tucker, Miller, and Zimmerman as Plaintiff's defense counsel during his state court proceedings. (*Id.* at 3.) Plaintiff accuses Tucker of providing ineffective assistance of counsel for failing to notify Plaintiff of a court date, failing to properly investigate prior felony conviction and contest the enhanced sentencing ruling as directed by Plaintiff, failing to file motions where Plaintiff was in custody four days past the statutory limit before a grand jury was convened, and also accuses Tucker of coercing Plaintiff to plead guilty. (*Id.* at 3-4). Plaintiff accuses Miller of providing ineffective assistance of counsel for failing to contest Plaintiff's sentencing ruling. (*Id* at 5). Plaintiff accuses Zimmerman of providing ineffective assistance of counsel for "arguing at sentencing that the [Plaintiff's] argument is of no sustenance" and failing to contest the prior conviction. (*Id.* at 5-6). Plaintiff also accuses Zimmerman of placing Plaintiff in a psychiatric center where a psychiatric examination was performed without his consent, and, in moving to be removed as Plaintiff's counsel, Zimmerman "pointed out evidence and admissions evidence the People should use and be adduced at trial[.]" (*Id.* at 5).

## II.     Analysis

### A. Defendant Bleakley

Plaintiff's claims against Bleakley are subject to dismissal for failure to allege that Defendant was acting under color of state law and failure to cite authority supporting his assertion that Bleakley should have represented him.

In order to support a Section 1983 claim, the defendant must be acting under "color of state law." 42 U.S.C. § 1983; *see also Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). Court-appointed defense attorneys are generally not liable under Section 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979)). First, Plaintiff alleges that Bleakley should have represented him herself. (Dkt. 1 at 6). Second, Plaintiff alleges that Bleakley, among the four named defendants, failed to investigate his prior conviction. (*Id.* at 19-20). Finally, Plaintiff appears to allege that Bleakley is liable for having appointed Tucker, Miller, and Zimmerman who, Plaintiff alleges, failed to diligently represent him. (*Id.* at 3).

Where Plaintiff alleges that Bleakley should have represented him at a hearing, Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Although Plaintiff is guaranteed the right to counsel, *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Sixth Amendment does not "ensure that a defendant will inexorably be represented by the lawyer whom he prefers[,]" *Wheat v. United States*, 486 U.S. 153, 159 (1988). Plaintiff has failed to cite any authority that entitles him to representation by

Bleakley specifically.  (*See id.* at 6).  Therefore, the Court must dismiss this claim unless amended.

To the extent that Plaintiff asserts that Bleakley failed to investigate his prior conviction, Bleakley as a public defender does act under color of state law when representing clients and therefore cannot be held liable in a Section 1983 claim.  Despite some exceptions not applicable here, public defenders generally do not act under color of state of law despite the fact that they are a paid employee of the state.  *See Polk County v. Dodson*, 454 U.S. 312, 321, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *but see Branti v. Finkel*, 445 U.S. 507 (1980) (implicitly holding that public defender was state actor when terminating attorneys based on political affiliation).  Bleakley's mere employment by the state does not subject her to liability under Section 1983.  Although Bleakley did not represent Plaintiff directly, Plaintiff does not sufficiently allege that through her representation or failure to represent him, Bleakley acted under color of state law.  Therefore, unless amended to show that Bleakley acted under color of state law, the Court must dismiss this claim.

To the extent that Plaintiff alleges that Bleakley, as the head conflict attorney and supervisor of the three other Defendants, negligently assigned or supervised the three other Defendants, the claim must be dismissed for failure to state a claim.  Mere negligence does not state a claim in an action under Section 1983.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  Furthermore, the theory of *respondeat superior* is unavailable under Section 1983, and Plaintiff must allege "that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

*Tangreti*, 983 F.3d at 618 (citation omitted).  However, the Court grants Plaintiff leave to amend his complaint.  *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

### B.  Defendants Tucker, Miller, and Zimmerman

Plaintiff's claims against Tucker, Miller, and Zimmerman are also subject to dismissal for failure to allege that Defendants were acting under color of state law.

As noted above, court-appointed defense attorneys performing the traditional functions of defense counsel are not acting under color of state law and, thus, are not subject to suit under 42 U.S.C. § 1983. *See Polk County*, 454 U.S. at 325; *Housand,* 594 F.2d at 924-25.  Here, Tucker, Miller, and Zimmerman were all appointed by the court to represent Plaintiff in his trial court proceedings.  Therefore, all three court-appointed defense attorneys were not acting under color of state law and are not subject to suit under Section 1983.  *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) ("in any event, an ineffectiveness cause of action would be inappropriate in a proceeding brought under § 1983[.]") (citing *Polk County*, 454 U.S. at 318-319, 321) (holding that public defenders do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983) .

### C.  Challenging the Validity of Plaintiff's Conviction

To the extent that Plaintiff alleges that his constitutional claim of ineffective assistance of counsel invalidates his apparent conviction, this claim may only be raised under 42 U.S.C. § 2254.

In *Heck*, 512 U.S. 477, the Supreme Court held that in order to recover damages under Section 1983 for harm "attributable to an unconstitutional conviction or sentencing[,]" the conviction or sentence must first be invalidated. *Id.* at 490. Where the claim has not first been invalidated, the cause of action under Section 1983 is not cognizable because it has not yet accrued. *Id.* The Supreme Court has indicated that when seeking review of a state court conviction, a plaintiff must instead bring the claim as a habeas corpus petition under 42 U.S.C. § 2254. *See Preiser v Rodriguez*, 411 U.S. 475, 488-490; *see also Heck*, 512 U.S. at 481-82.

Here, because Plaintiff's conviction has not been invalidated, it appears to the Court that the Section 1983 claims against all Defendants, even if amended, are nonetheless barred under *Heck*. Even if his allegations were sufficient to proceed to service, Plaintiff challenges the propriety of his conviction and alleges that Defendants deprived him of his constitutional rights. When success in an action would necessarily call into question the fact or duration of a sentence in a criminal prosecution, no action lies under Section 1983. Rather:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck* 512 U.S. at 486-7. Therefore, if Plaintiff's success on claims would necessarily imply the invalidity of his sentence, they must be dismissed because they have not yet accrued.

Here, Plaintiff's claims are that the defense attorneys denied him effective assistance of counsel in violation of his constitutional rights. Thus, success with regard to his claims would plainly call into question the validity of Plaintiff's conviction, a conviction which can "not be reconciled with the claims of his civil action." *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014).

Plaintiff's claims therefore appear to be barred by *Heck,* and the instant action is subject to dismissal without prejudice. Therefore, should he choose to amend his complaint as permitted above, Plaintiff must also show cause why his action should not be dismissed as barred by *Heck*, 512 U.S. 477.

Moreover, the Court lacks jurisdiction to the extent that Plaintiff seeks for the Court to review the state criminal court proceedings or to set aside the state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923).

Therefore, should Plaintiff file an amended complaint, he is ordered to show cause why he does not seek review of his state court conviction and why this Court does not lack jurisdiction pursuant to *Feldman* and *Rooker*.

## **ORDER**

IT HEREBY IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff is granted leave to file an amended complaint as directed above within 45 days from the filing date of this Decision and Order;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Decision and Order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Clerk of Court shall close this case as dismissed with prejudice without further order;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* shall be denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED: October 6, 2021
Rochester, NY

Elizabeth A. Wolford
Chief Judge
United States District Court